## EFFORT TO RESTRICT USE OF DRIVEWAY.

Circuit Court of Cuyahoga County.

MAY R. REMINGTON v. THE FIRE PROOF WAREHOUSE COMPANY ET AL.*

Decided, December 27, 1910.

*Easements—Character of Use of Driveway—Land to Which Appurtenant.*

1. The use of a driveway provided for in a deed by general language can not be restricted to residence purposes, as distinguished from commercial purposes, though at the time the use was charged upon the land all the premises were used for residence purposes only.
2. One who buys land, to which is annexed the use of a driveway over another's land, will not be enjoined from using said driveway for access to his own land, even though he has added a small additional parcel of land to his original parcel, which additional parcel is also in some small degree benefited by the use of such driveway.

*Remington & Locker* and *Hills & Van Derveer*, for plaintiff in error.

*Henderson, Quail & Siddall*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in this appealed action seeks to enjoin the use of her premises as a driveway by the defendant, the Fire Proof Warehouse Company. Said premises were conveyed by A. G. Hutchinson in March, 1899, to the plaintiff, and they consist of sixty-three feet a little northerly of Euclid avenue on the east

---

*Affirmed without opinion, *Remington* v. *Fire Proof Warehouse Co.*, 87 Ohio State, 523.

side of 115th street (formerly Rosedale), in the city of Cleveland.    The deed of conveyance contained the following clauses:

"Subject to the reservation by the grantor himself, his heirs and assigns, of the driveway use of a strip of land 10 feet wide from front to rear off the southerly side of said premises herein conveyed.

"Free from incumbrances, except the right of driveway heretofore granted by deed of A. G. Hutchinson to R. H. Fetterman, dated September 4, 1891, and recorded in Volume 501, page 384, of Cuyahoga county records."

The deed to Fetterman contains the following clauses:

"Beginning at the northwesterly corner of land in said lot, deeded by us to R. H. Fetterman by deed in Volume 462, page 593, Cuyahoga county records; thence northerly along the line of our land to the south line of a ten foot wide private driveway about 48 feet to a point therein intersected by a line continued northerly from the northeasterly corner of land deeded by us to Fetterman and upon the same course as his easterly line; thence southerly in said extended line to the northeast corner of land deeded by us to Fetterman about 16 and 8-12 feet; thence westerly to the place of beginning about 48 feet; also there is granted herein and hereby a use in common by the said grantees, their heirs and assigns, with the grantors, their heirs and assigns, of said private driveway for their joint use and benefit for driving to and from said above described land over said driveway to Rosedale avenue and for no other purpose. The use of said driveway by said grantee to extend no more than 15 feet easterly from the westerly line of land above deeded."

The previous deed from Hutchinson to Fetterman mentioned in the foregoing quotation conveys the land described therein as "being a part of the parcel of land deeded by Thomas Wilson and wife to A. G. Hutchinson, July 15, 1889."

The deed from Wilson to Hutchinson includes the major part of the land fronting on Euclid avenue, now owned by the defendant, the Fire Proof Warehouse Company. Plaintiff's and defendants' lands fronting respectively on 115th street and Euclid avenue come into contact with each other at right angles in the rear, and the driveway on plaintff's premises, the use of which by defendants is here sought to be enjoined, is thus

physically appurtenant to defendants' premises. The language of the deed from Hutchinson to plaintiff, by following up the chain of references therein noted, creates an easement appurtenant to the lands retained by the grantor, and said easement is, by appropriate words, expressly made a hereditament, reserved ''by the grantor to himself, his heirs and assigns.''

The grounds of plaintiff's claim to an injunction are these:

*First.* That at the time she acquired her premises, subject to her grantor's easement therein of a driveway use, 115th street was, and it still is, an exclusively residence locality, as was also Euclid avenue in the vicinity of its intersection with said street, and the use of said driveway was then confined in fact, and in the contemplation of the parties to the deed of conveyance from Hutchinson to plaintiff, to such driveway purposes as are ordinarily incident to land so used; whereas the defendant's use of the driveway is for commercial purposes.

*Secondly.* It is claimed that the defendant, the Fire Proof Warehouse Company, is now using the said driveway not only for the commercial purposes incident to the altered use of the premises as the site of a storage warehouse, but that said warehouse occupies ten feet more land on Euclid avenue than Hutchinson owned at the time said easement was reserved by him, so that plaintiff's premises are in fact being subjected to an additional servitude in connection with the use of land to which the driveway use was never intended to be appurtenant.

Upon the first point we are of opinion that the language of plaintiff's deed concerning the easement in controversy, is not ambiguous and does not admit of the introduction of oral evidence to explain or qualify it. The driveway use indicated by the language used is general and not qualified.

On the second point we hold that although the easement in question is not appurtenant to the easterly ten feet of the Fire Proof Warehouse Company's property, the additional burden from this cause is relatively so trifling as not to warrant the injunction which plaintiff prays. In so far as the use of the driveway appurtenant to said ten feet is concerned, no substantial use is shown by the evidence. If the defendant should enlarge its warehouse so as to include other land, a different case

would undoubtedly be presented.  As the matter now stands, the plaintiff's petition will be dismissed, but the defendant will be charged with the costs.